UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| TINA CARR, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   No.: 3:20-CV-506-TAV-HBG ) |
| CMH TRANSPORT, INC., | ) ) |
|     Defendant. | ) |

## **MEMORANDUM OPINION**

This civil case is before the Court on defendant's motion to compel arbitration [Doc. 7]. Defendant contends that plaintiff's employment discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Tennessee Human Rights Act ("THRA"), as well as her state tort claim for intentional infliction of emotional distress, are all covered by the binding arbitration agreement between plaintiff and defendant [*Id.*]. Plaintiff has not responded and the time for doing so has long expired. *See* E.D. Tenn. L.R. 7.1(a). For the reasons explained below, defendant's motion to compel arbitration [Doc. 7] will be **GRANTED** and this case will be **DISMISSED**.

**I.**    **Discussion**

The Federal Arbitration Act ("FAA") permits parties to a contract to agree to submit certain controversies to an arbitrator, rather than a court, for resolution. 9 U.S.C. § 2 (providing that such agreements are "valid, irrevocable, and enforceable"). Section 2, the "primary substantive provision of the Act," *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), provides that "[a] written agreement to arbitrate

disputes arising out of a transaction in interstate commerce 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003) (quoting 9 U.S.C. § 2).

As the Supreme Court has noted, the FAA was enacted "in response to widespread judicial hostility to arbitration agreements." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011); *see also Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219 (1985) ("The legislative history of the Act establishes that the purpose behind its passage was to ensure judicial enforcement of privately made agreements to arbitrate."). Thus, this provision manifests "a liberal federal policy favoring arbitration." *Concepcion*, 563 U.S. at 339 (quoting *Moses H. Cone*, 460 U.S. at 24).

When considering a motion to compel arbitration, a court has four tasks. *McGee v. Armstrong*, 941 F.3d 859, 865 (6th Cir. 2019) (quoting *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000)). The Court must determine: (1) "whether the parties agreed to arbitrate"; (2) "the scope of that agreement"; (3) "if federal statutory claims are asserted, . . . whether Congress intended those claims to be nonarbitrable"; and (4) whether to dismiss the action or stay the remainder of the proceedings pending arbitration. *Id.* (quoting *Stout*, 228 F.3d at 714). The Court will address each in turn.

### A. Whether the Parties Agreed to Arbitrate

The Court's first task is to determine if "a valid agreement to arbitrate exists between the parties." *Hergenreder v. Bickford Senior Living Grp., LLC*, 656 F.3d 411, 415 (6th

2

Cir. 2011) (quoting *Mazera v. Varsity Ford Mgmt. Servs., LLC*, 565 F.3d 997, 1001 (6th Cir. 2009)). "A written agreement to arbitrate disputes arising out of a transaction in interstate commerce 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Id.* (quoting *Javitch*, 315 F.3d at 624).

"[A]rbitration is a matter of contract." *Concepcion*, 563 U.S. at 339 (quoting *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67 (2010)). Courts therefore must "place arbitration agreements on an equal footing with other contracts and enforce them according to their terms." *Id.* (citations omitted). Indeed, "[t]he 'principal purpose' of the FAA is to 'ensur[e] that private arbitration agreements are enforced according to their terms.'" *Id.* at 344 (quoting *Volt Info. Scis., Inc. v. Bd. of Trs. Of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (2014)). "The party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Terry v. Labor Ready, Inc.*, No. 02-1035, 2002 WL 1477213, at *1 (W.D. Tenn. July 2, 2002).

Notably, plaintiff has filed no response to defendant's motion to compel arbitration. The Court interprets such lack of response as waiver of any opposition to the motion to compel arbitration. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought"). Because plaintiff has waived any opposition to the relief sought, she had not met her burden of establishing that her claims are not suitable for arbitration. *See Terry*, 2002 WL 1477213, at *1. Moreover, a review of the arbitration agreement [Doc. 7-1], provides no indication on the face of the agreement

3

that it is unenforceable. Accordingly, the Court finds that there is a valid agreement to arbitrate in this case.

### B. Scope of the Arbitration Agreement

The Court's next task is to determine the scope of the agreement, *McGee*, 941 F.3d at 865 (quoting *Stout*, 228 F.3d at 714), that is, whether the parties agreed to arbitrate *these* claims. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985) (quoting *Moses H. Cone*, 460 U.S. at 24); *Hergenreder*, 656 F.3d at 416. Plaintiff alleges sex discrimination and retaliation in violation of Title VII and the THRA, as well as a state law claim for intentional infliction of emotional distress [Doc. 1, pp. 5–6]. The arbitration agreement here states that:

> Any controversy, claim or dispute covered by this Binding Arbitration Agreement, which arises out of or relates to employment with the Company/Employer or application for employment with the Company/Employer, which is not resolved in mediation, shall be resolved by binding arbitration . . . . The controversies, claims and disputes covered by this Binding Arbitration Agreement include all controversies, claims, and disputes, whether or not arising out of employment or termination of employment that would constitute a cause of action in court against the Company/Employer and/or its employees, agents and direct and indirect parent companies, subsidiary companies, and affiliated companies. Examples include, but are not limited to: **tort claims** . . . and claims for any alleged violation of any federal, state, local, or other law . . . (including, but no limited to claims, if any, based on . . . **Title VII of the Civil Rights Act of 1964** . . . and **any other claims under federal, state, or local statute, regulation, ordinance, or common law, including, without limitation, any law related to discrimination**, terms and conditions of employment, or termination of employment).

[Doc. 7-1, p. 4 (emphasis added)]. It appears clear from the face of this provision that plaintiff's claims for intentional infliction of emotional distress, a state law tort claim, and

4

for sex discrimination and retaliation under Title VII and the THRA are within the scope of the binding arbitration agreement.

Even if the agreement were not so clear, because there is a prima facie agreement to arbitrate, there is a presumption of arbitrability. *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986). The motion to arbitrate, therefore, "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *Id.* (quoting *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582–83 (1960)); *see also NCR Corp. v. Korala Assocs., Ltd.*, 512 F.3d 807, 813 (6th Cir. 2008) ("As a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." (quoting *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004))).

Accordingly, the Court finds, in light of the strong presumption in favor of arbitration and the text of the arbitration agreement, that all of plaintiffs' claims fall within the scope of the parties' broad arbitration agreement.

### C. Whether Congress Intended These Claims to be Non-Arbitrable

Next, the Court turns to whether Congress (or the State) intended plaintiff's claims to be non-arbitrable. The Sixth Circuit has held that "Congress did not intend to exclude Title VII claims from arbitration." *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 509 (6th Cir. 2004). Additionally, the Western District of Tennessee has compelled arbitration of a claim under the THRA, finding that plaintiff had not shown that the state intended to

5

exclude such claim for arbitration. *Terry*, 2002 WL 1477213, at *2–3. Furthermore, the Supreme Court has provided some indication that state law tort claims are arbitrable. *Mitsubishi*, 473 U.S. at 654, n.23 ("The tort . . . issues . . . are arbitrable in the sense that an agreement to arbitrate them would be enforceable") (Stevens, J., dissenting). Accordingly, the Court finds that plaintiff has not shown that Congress or the Tennessee legislature intended plaintiff's claims to be non-arbitrable. Having completed its first three inquiries, the Court finds it appropriate to compel this matter to arbitration. The Court, therefore, turns to its final inquiry—whether to stay or dismiss this matter.

### D. Whether to Stay or Dismiss

The Court now undertakes the final task in considering defendant's motion, that is, determining whether to dismiss the action or stay the proceedings pending arbitration. *McGee*, 941 F.3d at 865 (quoting *Stout*, 228 F.3d at 714). Section 3 of the FAA provides that upon a court's determination that a dispute is covered by the arbitration clause of an agreement, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Where all claims are subject to mandatory arbitration, however, courts may dismiss the action rather than staying it. *See Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000). Defendant has requested dismissal of the case [Doc. 7]. And plaintiff has provided no indication of any opposition to the relief sought. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought"). Accordingly, the Court will **DISMISS** this action.

6

**II.     Conclusion**

For the reasons discussed herein, defendant's Motion to Compel Arbitration [Doc. 7] will be **GRANTED**, and plaintiff will be **COMPELLED** to arbitrate her claims against defendant.  Furthermore, pursuant to 9 U.S.C. § 3, this action will be **DISMISSED**. An appropriate order will follow.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
